# Arnold & Porter

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2025

November 24, 2025

Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    **Re:**    ***The Village of Endicott v. International Business Machines Corporation (IBM)*, Civil Docket No. 7:24-cv-09242-NSR**

Dear Judge Román:

Defendant IBM writes to renew its request for leave to file a motion to stay discovery pending a ruling on IBM's Motion to Dismiss. In accordance with Your Honor's Individual Practice Rules, on August 6, 2025, IBM requested a pre-motion conference concerning its proposed motion to stay discovery pending the Court's ruling on IBM's motion to dismiss. ECF No. 27. Plaintiff opposed IBM's request for leave. ECF No. 33. On November 5, 2025, prior to a Rule 26(f) conference, a ruling from this Court on IBM's Motion to Dismiss, or a decision on IBM's request to file a motion to stay, Plaintiff propounded voluminous and overly broad discovery requests on IBM. ECF No. 36.

These discovery requests are not only premature, because there has been no Rule 26(f) conference, but they also highlight the need for a stay in discovery pending the Court's resolution of IBM's Motion to Dismiss. *See* e.g. *Nieves v. Just Energy N.Y. Corp.*, No. 17-CV-561S, 2020 WL 6720871, at 1-5 (W.D.N.Y. Nov. 16, 2020)(granting request to stay discovery while the court considered the motion to dismiss). IBM, therefore, renews its request for leave to file a motion to stay discovery and attaches the proposed motion.

As an initial matter, the discovery served by Plaintiff is premature. "A party may not seek discovery . . . before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).[1]

**MEMO ENDORSED**

*See* Pg. 2

---

[1] Although Fed. R. Civ. P. 26(d)(2) permits early Rule 34 production of documents (to inform Rule 26(f) conference discussions) such discovery is not considered served until the first Rule 26(f) conference. There is no indication that Plaintiff merely intended to provide "notice" of the requests for production. Quite the

**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street | New York, NY 10019-9710 | www.arnoldporter.com

# Arnold & Porter

Hon. Nelson S. Román
November 24, 2025
Page 2

Here, "[t]here is no Order from this Court authorizing this discovery; there also is no scheduling Order yet in place. Plaintiff also did not seek leave to lift the pre-conference moratorium on discovery." See Nieves, 2020 WL 6720871, at *3 (explaining that discovery under these circumstances is premature). Plaintiff should not have commenced discovery. Fed. R. Civ. P. 26(d)(1); see Nieves, 2020 WL 6720871, at *3; Reinhardt v. City of Buffalo, No. 1:21-CV-206, 2021 WL 3174018, at *2 (W.D.N.Y. June 7, 2021); Columbo v. Philips Bryant Park LLC, No. 22-CV-775 (RA) (JW), 2022 WL 17418684, at *2 (S.D.N.Y. Nov. 22, 2022) ("Generally, discovery may only be sought following a Federal Rule of Civil Procedure . . . 26(f) conference.")

Even if the discovery sought by Plaintiffs was timely, as explained in IBM's earlier request, ECF No. 27, and the attached memorandum, all factors weigh in favor of staying any discovery pending a ruling on IBM's Motion to Dismiss, which has the potential to dispose of all claims in this matter. See ECF Nos. 24, 24-1 25, 26, 32, 35. The Motion to Dismiss remains pending. Plaintiff's recent discovery requests, which are unduly broad and burdensome, only reinforce the need for a stay. No party should be burdened with discovery when this entire matter may yet be dismissed.

The parties conferred regarding a potential stipulation staying discovery, including the deadline to respond to the interrogatories, but were unable to reach agreement.

Sincerely,

Jeff Talbert

The Court is in receipt of Defendant's letter, dated November 24, 2025, seeking leave to file a motion to stay discovery. The Court directs Plaintiff to respond to Defendant's letter by December 2, 2025. The Clerk of Court is kindly directed to terminate the motion at ECF No. 37.

Dated: November 25, 2025
    White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

opposite, they filed the requests for production on the docket, indicating they have attempted to "serve" the requests prematurely.