

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/03/2025

December 2, 2025

VIA ECF
**Hon. Nelson S. Roman**
The Hon. Charles L. Brieant Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, NY  10601-4150

   **Re:** ***The Village of Endicott v. International Business Machines Corporation (IBM)***
      **Civil Docket No. 7:24-cv-09242-NSR**

Dear Judge Roman,

   We write on behalf of Plaintiff, The Village of Endicott (the "Village"), in response to Defendant IBM's ("IBM") pre-motion letter of November 24, 2025 ("Pre-Motion Letter", ECF No. 37), renewing their request for a stay of discovery pending the Court's ruling on their motion to dismiss.

   IBM's original request seeking a stay of discovery was made on August 6, 2025 ("Pre-Motion Letter" ECF No. 27). Plaintiff responded on August 14, 2025 (ECF No. 35), objecting to the stay of discovery and asking the Court to schedule a Rule 26(f) conference to set a discovery schedule. The Village's objection to the stay of discovery contained an analysis of the three factors that Courts consider when determining whether good cause exists to stay discovery.  The Village's analysis clearly indicated that IBM's arguments fall short under each category and fail to present compelling arguments to stay discovery.

   The Village reiterates their position that due to the complexity of issues and length of time related to damages caused by IBM, prolonged discovery may be required. An unnecessary stay of discovery will undoubtedly continue to severely prejudice the Village as the Village continues to suffer from and respond to the contamination and environmental damages caused by IBM. As it appears that IBM is focused on doing everything it can to delay litigating this matter and facing accountability for the damages caused to the Village and the Village's continued expenditures at the cost of its rate payers.

   Although the Fed.R.Civ.P. 26(c) provides authority for the Court to issue a stay of discovery pending the resolution of dispositive motions, *see, e.g., Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir.1987), the issuance of a stay is not mandated by rule or decision. Rather, as noted by the Honorable Lawrence M. McKenna, United States District Judge, Southern District of New York, discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed. *In re Chase Manhattan Corp. Secure. Litigation,* 1991 WL 79432, 1, 1991 U.S. Dist. LEXIS 6136, 1 (S.D.N.Y. May 7, 1991). Judge McKenna noted that the drafters of the Federal Rules of Civil Procedure, had they contemplated an automatic stay upon the filing of a motion to dismiss, would have so provided. *See Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991).

   In *In re Chase Manhattan Corp. Securities Litigation,* Judge McKenna denied defendants' motion to stay discovery pending the resolution of a motion to dismiss. He noted that allowing

*See* **Pg. 2**

MEMO ENDORSED

discovery to go forward could move the action along toward a speedier resolution: "[s]hould the complaint (or an amended complaint) be sustained ...commencement of the discovery process, while no doubt imposing some burden on defendants, will advance the ultimate disposition of this action." See Moran v. Flaherty, No. 92 CIV. 3200 (PKL), 1992 WL 276913, at 1-2 (S.D.N.Y. Sept. 25, 1992).

IBM's misinterpretation of the law, facts and allegations pled in the Village's Amended Complaint are again highlighted in their proposed Memorandum of Law in Support of their motion to stay discovery (ECF Doc. 37-2). Additionally, IBM's arguments for why it believes discovery should be stayed actually support why discovery should proceed. IBM highlights that we are dealing with an extensive timespan and that discovery in this litigation "…would entail highly technical discovery into, among other things, the fate and transport of pervasive and persistent chemicals in groundwater and soil. The Village's allegations concern hydrogeology and the migration of chemicals in underground plumes, pools, and groundwater pathways." *See ECF Doc. 37-2, page* 11.

The lack of confidence in the success of IBM's motion to dismiss is apparent in IBM's proposed Memorandum of Law stating that "[e]ven if the Amended Complaint is not dismissed in its entirety, simplifying this case by eliminating or narrowing the claims (e.g., dismissing all claims as to Well 32 and PFAS) would 'materially lessen the burden and breadth of what…will likely be significant discovery in a highly technical case such as this.'" *Id. at page 12.* Additionally, the "Introduction" paragraph of IBM's Memorandum of Law appears to try and hedge its' bet by stating, "[m]oreover, even if the motion is unsuccessful in disposing of the action in its entirety, its resolution is likely to resolve at least portions of this case, obviating the need for the voluminous and burdensome discovery Plaintiff now seeks" *Id. at page .1*

In conclusion, for all the reasons above, along with all those outlined in the Village's August 14, 2025, letter response (ECF Doc. 35) the Village again objects to IBM's application for a stay of discovery while IBM's motion to dismiss is pending. The Village respectfully requests this Court to schedule a Rule 26(f) conference or issue a court order directing and outlining pre-Rule 26(f) conference discovery.

Respectfully Submitted,

**NAPOLI SHKOLNIK PLLC**
*Counsel for Plaintiff*

**The Court is in receipt of Plaintiff's letter, dated December 2, 2025, opposing Defendant's motion to stay discovery. (ECF No. 39.) In light of Defendant's pending motion to dismiss the First Amended Complaint (*See* ECF No. 34), the instant action is stayed pending resolution of the motion to dismiss**

**Date:    December 3, 2025**
**         White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Robert Gitelman, Esq.
Joseph P. Napoli, Esq.
Stephen J. Maloney, Jr., Esq.
360 Lexington Avenue, Floor 11
New York NY  10017-6502
Tel. (212) 397-1000
Fax. (646) 843-7603

Cc: All counsel of Record via ECF