UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE VILLAGE OF ENDICOTT,

Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendant.

No. 24-CV-9242 (NSR)(JCM)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and any non-parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party producing discovery material in this action (each, a "Designating Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information, including without limitation commercial, financial, environmental, research, or personnel information the disclosure of which could cause competitive or other harm ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the prosecution, defense, settlement, or appeal of this action, and for no other purpose, including without limitation any other litigation, regulatory proceeding, business, competitive, or personal purpose. Each receiving party shall store all Confidential Information and AEO Material in a secure manner, using at least the same degree of care it uses to protect its own confidential information and in no event less than reasonable care, shall restrict access to persons authorized under Paragraphs 4 and 4A, and shall maintain a record of each person to whom AEO Material has been disclosed. In addition, Confidential Information and AEO Material shall not be input or uploaded into any public or consumer generative artificial intelligence tool or service. Such material may be submitted only to enterprise tools operated or controlled by a party, its counsel, or a vendor authorized under this Order that do not use the material to train any model or make it available to persons not authorized under this Order. An inadvertent failure by any party to comply with this Paragraph shall not constitute a violation of this Order, provided that the party, promptly upon becoming aware of the lapse, takes reasonable steps to cure it and to prevent its recurrence.

3. In the event a party challenges another party's designation of confidentiality, the challenging party shall notify the Designating Party in writing, identifying the specific material challenged and the basis for the challenge, and counsel shall thereafter, within ten (10) days, make a good-faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court in accordance with Local Civil Rule 37.2 and the individual practices of the judicial officer before whom the dispute is raised. The procedure set forth in this Paragraph is the exclusive means of

contesting a confidentiality designation. On any such application, the Designating Party shall bear the burden of establishing that the challenged material is entitled to protection under Rule 26(c). The challenged material shall continue to be treated as designated until the Court rules or the Designating Party withdraws the designation in writing. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person except:

a) The requesting party and counsel, including in-house counsel;

b) Employees of such counsel assigned to and necessary to assist in the litigation;

c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and who have executed the undertaking attached as Exhibit A;

d) The Court (including the mediator or other person having access to any Confidential Information by virtue of his or her position with the Court);

e) Court reporters, videographers, translators, and their staff engaged in this action; and

f) Outside vendors retained for copying, imaging, electronic discovery processing, hosting, or trial support, provided the vendor has executed the undertaking attached as Exhibit A.

4A. A Designating Party may designate as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" ("AEO Material") that subset of Confidential Information whose disclosure to

another party's officers, directors, employees, or agents would create a substantial risk of serious harm that the protections applicable to Confidential Information alone would not adequately prevent, including harm arising from further dissemination or from use outside this action. AEO Material shall be stamped "CONFIDENTIAL — ATTORNEYS' EYES ONLY" and is a subset of Confidential Information subject to every provision of this Order governing Confidential Information, together with the additional restrictions of this Paragraph. AEO Material shall not be disclosed to any person except: (i) outside counsel of record for the parties and the partners, associates, paralegals, and clerical or support staff of such counsel assisting in this action; (ii) consultants or experts, and their necessary staff, retained by counsel to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel and who have executed the undertaking attached as Exhibit A; (iii) the Court and its personnel, including any mediator and the mediator's staff; (iv) court reporters, videographers, translators, and their staff engaged in this action; and (v) outside vendors retained for copying, imaging, electronic discovery processing, hosting, or trial support that have executed the undertaking attached as Exhibit A. Notwithstanding the foregoing, the receiving party may disclose AEO Material to up to two (2) of its representatives (and, in the case of a municipal party, such of its officials or employees as are reasonably necessary to assist counsel), each of whom shall be identified in advance to the Designating Party and shall execute the undertaking attached as Exhibit A. A party may designate materials as AEO only where it in good faith believes the material meets the standard set forth in this Paragraph, and shall not designate material as AEO for the purpose or with the effect of preventing another party's representatives from reviewing

material that warrants more than Confidential Information treatment pursuant to this Order.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a) Inform the person of the confidential nature of the information or documents;

b) Inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c) Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. For litigation-support vendors, a single undertaking executed by the entity satisfies this requirement.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. The Designating Party shall give prompt written notice of the corrected designation and furnish appropriately stamped replacement copies. Within five (5) business days of receiving that notice, the receiving party shall (i) return or destroy all unmarked copies and (ii) confirm compliance in writing.

7. Any Personally Identifiable Information ("PII") (e.g., Social Security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is

secure, confidential, and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. (a) Rule 502 Protection. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product-protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and shall not constitute a waiver as to any other document or communication concerning the same or a related subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b) Recall Procedure. Upon written notice from the Designating Party identifying material subject to recall under Paragraph 8, the receiving party shall, within five (5) business days: (i) return or destroy all copies of the material, including any copies in electronic discovery databases, and certify that it has done so; (ii) destroy or sequester all notes, summaries, analyses, memoranda, or work product reflecting the contents of the material; (iii) make reasonable efforts to retrieve any copies provided to others; and (iv) not use or refer to the material for any purpose, including in any deposition, brief, hearing, or motion. The receiving party may challenge the privilege claim by application

to the Court, provided that (a) it may not assert as a ground for the challenge the fact or circumstances of the production, and (b) any application shall be made without attaching or quoting the material, which the Designating Party shall submit to the Court for in camera review if the Court so directs. Pending resolution, the material shall be treated as privileged.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the Designating Party or, upon permission of the Designating Party, destroyed.

11. If any person subject to this Order receives a subpoena, civil investigative demand, freedom-of-information or public-records request, court order, or other legal process seeking the disclosure of another Designating Party's Confidential Information or AEO Material, that person shall: (a) give written notice to the Designating Party, together with a copy of the demand, within five (5) business days of receipt and in no event fewer than ten (10) days before the date on which compliance is due; (b) inform the party issuing the demand, in writing, that the material is subject to this Order and furnish a copy of this Order; and (c) take no action to produce the material during that period, and thereafter shall not produce the material while any timely application by the Designating Party to

quash, modify, or obtain protection is pending, unless otherwise ordered. Where fewer than ten (10) days' notice is possible, notice shall be given as soon as practicable. The Designating Party shall bear the burden and expense of seeking protection of its own material, and nothing in this Paragraph requires the recipient to disobey a court order or subject itself to penalty. Compliance with a final, non-appealable order compelling production after notice has been given shall not constitute a violation of this Order. Notwithstanding the foregoing, where a recipient is a public body subject to a statutory freedom-of-information or public-records obligation, the notice and withholding periods provided in this Paragraph shall yield to any shorter response deadline imposed by that statute, and the recipient's good-faith compliance with such an independent statutory obligation, after having given notice to the Designating Party, shall not constitute a violation of this Order. Where the recipient withholds material in good faith at the Designating Party's request, or because the Designating Party has elected to seek protection of that material after receiving notice, the Designating Party's obligation to bear the burden and expense of protecting its own material shall extend to any liability, including attorneys' fees, thereby incurred by the recipient.

12. Deposition Testimony. Deposition testimony may be designated Confidential Information or AEO Material (a) on the record during the deposition, or (b) by written notice to the reporter and all counsel within thirty (30) days after receipt of the final transcript, identifying the specific pages and lines designated. All deposition transcripts shall be treated in their entirety as Confidential Information until the expiration of that thirty-day period. Persons not entitled under Paragraphs 4 and 4A to receive the designated

testimony may be excluded from the portion of the deposition in which it is disclosed. The reporter shall mark designated portions of the transcript and any video accordingly.

13. Non-Parties. Any non-party producing documents, information, or testimony in this action may invoke and shall receive the protections of this Order by designating material in accordance with Paragraph 1, and shall be deemed a Designating Party for all purposes. Any party serving a subpoena or deposition notice on a non-party shall serve a copy of this Order with it. Before producing material that a non-party has designated as confidential or that a party is obligated to a non-party to keep confidential, the producing party shall give the non-party at least fourteen (14) days' written notice and an opportunity to designate the material or seek protection from the Court. Nothing in this Order limits a non-party's right to seek further or different protection under Rule 26(c).

14. Unauthorized Disclosure. If any person subject to this Order learns that Confidential Information or AEO Material has been disclosed to or accessed by any person not authorized under Paragraphs 4 and 4A, that person shall immediately (i) notify the Designating Party in writing, identifying the material and each unauthorized recipient; (ii) use best efforts to retrieve all copies of the material; (iii) inform each unauthorized recipient of the terms of this Order; and (iv) request that each such recipient execute the undertaking attached as Exhibit A. Such notice and remedial efforts shall not excuse the violation or limit any remedy available to the Designating Party.

15. Survival; Retention of Jurisdiction. The obligations imposed by this Order shall survive and remain in full force and effect after the final termination of this action, whether by judgment, settlement, dismissal, or otherwise, until a Designating Party agrees otherwise in writing or the Court orders otherwise. The Court shall retain jurisdiction over all

persons subject to this Order, including all signatories to Exhibit A, for the purpose of enforcing the obligations arising under it, adjudicating any dispute concerning it, and imposing sanctions, including contempt, for any violation, and such jurisdiction shall continue notwithstanding the entry of final judgment or the filing of a stipulation of dismissal.

16. Reliance. The parties and any deponents or non-parties producing material in this action do so in reliance on the protections of this Order. This Order is neither temporary nor limited on its face, and such reliance is intended to be reasonable and to be given effect in connection with any application to modify or vacate this Order.

17. Trial. This Order does not govern the use of Confidential Information or AEO Material at trial. The parties shall address the treatment of designated material at trial with the trial judge in advance of trial, and no party should assume that material designated under this Order will receive confidential treatment or be sealed if introduced in evidence at trial.

18. Modification; No Waiver of Rights. This Order may be modified only by written agreement of the parties so-ordered by the Court, or by order of the Court on motion. Nothing in this Order shall be construed to limit any Designating Party's use or disclosure of its own material, to waive any objection to the production or admissibility of any material, to preclude any party from seeking further or different protection under Rule 26(c), or to preclude any person from seeking modification of this Order.

SO STIPULATED AND AGREED.

Dated: August 27, 2026
White Plains, New York

**NAPOLI SHKOLNIK PLLC**

By: */s/ Robert Gitelman*
Robert Gitelman, Esq.
Stephen A. Acquario, Esq.
360 Lexington Avenue, Floor 11
New York, NY 10017-6502
Tel.: (212) 397-1000 | Fax: (646) 843-7603
RGitelman@napolilaw.com
SAcquario@napolilaw.com

*Counsel for Plaintiff the Village of Endicott*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ Jeffrey D. Talbert*
Jeffrey D. Talbert
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Jeff.Talbert@arnoldporter.com

Lauren C. Daniel (admitted pro hac vice)
601 Massachusetts Ave NW
Washington, DC 20001
Telephone: (202) 942-5970
Lauren.Daniel@arnoldporter.com

*Attorneys for Defendant International Business Machines Corporation*

SO ORDERED.

Judith C. McCarthy
JUDITH C. McCARTHY
United States Chief Magistrate Judge
Dated: 8/27/2026

**NON-DISCLOSURE AGREEMENT**
EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE VILLAGE OF ENDICOTT,<br>Plaintiff,<br>-against-<br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br>Defendant. | No. 24-CV-9242 (NSR)(JCM)<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

I, ______________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the Designating Party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________, 20__

| | |
|---|---|
| ______________________________<br>Name (printed) | ______________________________<br>Signature |

Signed in the presence of:

______________________________
(Attorney)